IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TAHIRIH JUSTICE CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21cv934 (TSE/TCB) |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES; and UNITED ) | |
| STATES DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR RECONSIDERATION**

Pursuant to Local Rule 7(F)(1) and Federal Rule of Civil Procedure 54(b), Defendants, United States Department of Homeland Security, and United States Citizenship and Immigration Services (collectively, "Defendants"), through their undersigned counsel, hereby respectfully submit this Reply Memorandum of Law in support of their Motion for Reconsideration in the above-captioned action.

**INTRODUCTION**

In an abundance of caution, USCIS has construed the Court's February 16, 2022 Order as requiring completion of the processing and production of all non-exempt documents and portions thereof in response to Plaintiff's FOIA request by April 18, 2022. Defendants moved for reconsideration of this order, due to the extraordinarily large volume of documents that USCIS must review in order to respond to Plaintiff's broad FOIA request and significant resource constraints at USCIS. *See* Dkt. 41-42. Plaintiff's arguments in opposition to Defendants'

1

motion for reconsideration fail to address these issues meaningfully; indeed, Plaintiff's position is nothing more than a series of non-sequiturs.

  First, Plaintiff claims that this Court should require Defendants to complete the production of all processing and production of all non-exempt documents and portions thereof in response to Plaintiff's FOIA request by April 18, 2022, because USCIS currently has a backlog of asylum applications. But this FOIA suit seeks the production of documents relating to *the method* by which USCIS processes asylum applications, and is not a challenge to the merits of that method that might somehow alter the speed or method by which USCIS processes applications. Second, Plaintiff misunderstands Defendants' explanation for the resource limitations at USCIS, and ignores that Defendants have made significant efforts to respond to Plaintiff's broad request. Third, Plaintiff argues that requiring USCIS to complete its production by mid-April will in some way ensure that Defendants receive "appropriate funding to meaningfully comply with their obligations under FOIA." But Plaintiff's cannot maintain that this Court's order will cause *Congress* to provide USCIS more funding for FOIA processing, and does nothing to counter USCIS's argument that an extraordinarily accelerated production schedule in this case will compromise USCIS's ability to meet other court-ordered FOIA production deadlines and potentially risks disclosure of statutorily exempt material. Accordingly, Plaintiff's arguments against reconsideration fail.

## ARGUMENT

  As explained in Defendants' Motion for Reconsideration, *see* Dkt. 41-42, in an abundance of caution, USCIS has construed the Court's February 16, 2022 Order as requiring completion of the processing and production of all non-exempt documents and portions thereof in response to Plaintiff's FOIA request by April 18, 2022. The Court issued this order without

the benefit of briefing on the significant resource constraints at issue for USCIS in processing large, complex FOIA requests such as this one. *See* Dkt. 38-40. In fact, the order was made prior to specific details of the size of this request were provided to this Court. *Id*. Accordingly, Defendants moved for reconsideration, asking the Court to allow the parties "to propose a schedule after the completion of the planned rolling monthly productions in February, March, and April 2022, so that the parties can continue to work collaboratively to resolve this FOIA action amicably and with as little judicial intervention as possible." Dkt. 42 at 11. Perhaps recognizing that it *jointly* sought this very schedule,[1] Plaintiff's opposition to Defendants' motion for reconsideration raises a number of collateral policy points that have little to do with FOIA.

*First*, Plaintiff claims USCIS's backlog of processing asylum applications justifies its purported urgent need for the production of all documents in response to its FOIA request by April 18, 2022. *See* Opp. at 1. This argument mixes apples and oranges. Plaintiff acknowledges, as it must, that its FOIA request seeks documents regarding USCIS's decision to change from a "first-in, first-out" system to a "last-in, first-out" system for processing asylum applications. *Id*. USCIS's response to Plaintiff's FOIA request thus will provide documents that explain this policy change, but the production of these records will do nothing to alter the current system for processing applications or the backlog in that system. The instant suit is brought under FOIA, and thus the relief Plaintiff seeks (and the only relief it *can* seek) is the production

---

[1] The relief sought in Defendants' motion for consideration is similar to the request in the parties' *Joint* Status Report and Second *Joint* Motion for a Production Schedule, filed the day before the Court's February 16 order. *See* Dkt. 38-39. In that report and motion, the parties *jointly* stated that USCIS would "continue to process and provide records monthly to continue . . . rolling production in February, March, and April 2022" and proposed that the parties " provide another status report in sixty days regarding whether any issues remain that need to be resolved by the Court." Dkt. 38-39 at 2.

3

of documents.  This is not a suit under the Administrative Procedure Act challenging the merits of the change from a "first-in, first-out" system to a "last-in, first-out" system for processing asylum applications, and Plaintiff is not seeking any change to the system of processing applications.

*Second*, Plaintiff's criticism of USCIS's resource allocation is incorrect.  *See* Opp. at 3.  Plaintiff argues "it is embarrassing that USCIS operates with an emaciated reviewing team [of a single individual] to process what it represents is nearly 25% of the total FOIA requests received by the federal government."  *Id.*  But Plaintiff conflates two different statements from Defendants.  It is correct that USCIS receives 25% of all FOIA requests to the federal government.  *See* Dkt. 42 at 6.  However, as explained in Defendants' opening memorandum, the majority of the FOIA requests to USCIS are from individuals seeking access to Alien files (A-files), and most of the USCIS personnel devoted to FOIA request processing are assigned to those cases.  *Id.*  There are currently twelve processers responsible for the non-A-file requests, and within that group, five processors are responsible for all matters in litigation (as well as other matters).  *Id.* at 6-7.  Thus, contrary to Plaintiff's insinuation that USCIS has only a single person reviewing 25% of the federal government's FOIA requests, USCIS has a special group of processors devoted to requests like Plaintiff's; those processors each have multiple cases they are responsible for at once that are, like Plaintiff's request, in litigation – and thus subject to court orders just like the one at issue here.  *Id.* at 6-7.  Moreover, even considering USCIS's resource constraints, USCIS has made significant efforts to respond to Plaintiff's broad request, as the FOIA processor assigned here has generally reviewed in excess of 500 pages per month.  *See* Dkt. 42 at 12-13.  Accordingly, this argument is simply incorrect and thus fails to support

4

Plaintiff's claim that USCIS should be obligated to produce all responsive documents by April 18, 2022.

*Third*, Plaintiff argues that "[h]olding USCIS to complete its production by April 18th will not only advance Tahirih's interests in timely receiving these particular records, but may also further the public's interest in ensuring that Defendants' receive appropriate funding to meaningfully comply with their obligations under FOIA." Opp. at 2. This is a red herring. First, as a factual matter, Plaintiff's case is not about USCIS's FOIA funding, thus the issue of "appropriate funding to meaningfully comply" with the agency's FOIA obligations is not before the Court. Nor does Plaintiff provide any citation for the surprising proposition that this lawsuit will somehow result in USCIS receiving special additional funding – from *Congress* no less – before April 18, 2022 to expedite the review of Plaintiff's FOIA request.

Plaintiff's argument that ordering production to be completed by April 18 will somehow permit USCIS "to meaningfully comply with their obligations under FOIA" is incorrect for two additional reasons. As explained in Defendants' opening memorandum, putting production in this case on an extraordinarily accelerated timetable will impact USCIS's ability to process records for FOIA productions with respect to *other* pending requests which are also in litigation and thus subject to production schedules through court order. *See* Dkt. 42 at 12. Thus, far from helping USCIS comply with its FOIA obligations, Plaintiff's position jeopardizes USCIS's ability to comply with judicial mandates with regard to other FOIA requests to USCIS. *Id.* at 12. Moreover, ordering USCIS to disclose responsive records to Plaintiff's request on an extraordinarily accelerated timetable risks disclosure of statutorily exempt material. *See* Dkt. 42 at 14 (citing cases, including *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 14 (D.D.C. 2015) ("Requiring the agency to process and produce [the requested] material under an

5

abbreviated deadline raises a significant risk of inadvertent disclosure of records properly subject to exemption under FOIA.").

As explained in Defendants' opening memorandum, USCIS has committed to reviewing at least 500 pages per month through April, at which point the parties can revisit what issues remain. In light of the extraordinary volume of documents remaining to review in this case, the Defendants respectfully ask the Court to reconsider its February 16, 2022 Order requiring USCIS to complete its production of responsive documents by April 18, 2022 and order the parties to confer as to the production schedule of any remaining responsive records after the completion of the further rolling productions in February, March, and April 2022.

## CONCLUSION

For the foregoing reasons, and those stated in Defendants' opening memorandum, Defendants ask this Court to reconsider its February 16, 2022 Order requiring USCIS to complete its production of responsive documents by April 18, 2022. *See* Dkt. 40. Defendants ask that the Court order the parties to confer as to the production schedule of responsive records after the completion of the further rolling productions in February, March, and April 2022. *See* Dkt. 41-1 (Defendants' proposed order).

Dated: March 17, 2022

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

_____/s/_____
ELIZABETH A. SPAVINS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314

Tel: (703) 299-3785
Fax: (703) 299-3983
Email: lizzie.spavins@usdoj.gov
*Counsel for Defendants*